IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-193-MEF |
| | ) | |
| LAURASENA GARLAND | ) | |

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above case.

Respectfully submitted this 31st day of March, 2008.

                                    LEURA G. CANARY
                                    UNITED STATES ATTORNEY


                                    /s/ Jerusha T. Adams
                                    JERUSHA T. ADAMS
                                    Assistant United States Attorney
                                    Post Office Box 197
                                    Montgomery, Alabama 36101-0197
                                    334-223-7280 phone    334-223-7135  fax
                                    jerusha.adams@usdoj.gov

# UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 1

**Face Page - Introduction**[1]

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

---

[1] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 1.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 2

**Duty To Follow Instructions**
**Presumption Of Innocence**[2]

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

---

[2] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 2.1

**UNITED STATES' REQUESTED JURY INSTRUCTION**
**No. 3**

**Definition Of Reasonable Doubt[3]**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

---

[3] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 3.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 4

### Consideration Of The Evidence, Direct
### And Circumstantial - - Argument Of Counsel
### Comments By The Court[4]

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

---

[4] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 4.2.

**UNITED STATES' REQUESTED JURY INSTRUCTION
No. 5**

**Credibility Of Witnesses**[5]

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

---

[5] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 5.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 6

**Impeachment
Inconsistent Statement
(Defendant Testifies With No Felony Conviction)**[6]

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

---

[6] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 6.3

# UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 7

**Confession - - Statement
(Single Defendant)**[7]

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

---

[7] 11th Cir. Pat. Instr. Crim., Special Instr. No. 2.1.

## UNITED STATES' REQUESTED JURY INSTRUCTION
### No. 8

### Identification Testimony[8]

In any criminal case the Government must prove, of course, the identity of the Defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question? What length of time did the witness have to observe the person? What were the prevailing conditions at that time in terms of visibility or distance and the like? Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness' identification of the Defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

---

[8] 11th Cir. Pat. Instr. Crim., Special Instr. No. 3.

# UNITED STATES' REQUESTED JURY INSTRUCTION
# No. 9

## False Statement to Federal Agency[9]

## 18 USC § 1001

Title 18, United States Code, Section 1001, makes it a Federal crime or offense for anyone to willfully make a false or fraudulent statement to a department or agency of the United States.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:       That the Defendant made the statement, as charged;

Second:   That the statement was false;

Third:      That the falsity related to a material matter;

Fourth:    That the Defendant acted willfully and with knowledge of the falsity; and

Fifth:       That the false statement was made or used in relation to a matter within the jurisdiction of a department or agency of the United States, as charged.

A statement is "false" when made if it is untrue and is then known to be untrue by the person making it. It is not necessary to show, however, that the Government agency was in fact deceived or misled.

A false "no" in response to Government agents conducting an investigation is a false statement as it concerns the first two things the Government must prove as previously stated.

---

[9] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 36.

The making of a false statement is not an offense unless the falsity relates to a "material" fact. A misrepresentation is "material" if it has a natural tendency to affect or influence, or is capable of affecting or influencing, the exercise of a government function. The test is whether the false statement has the capacity to impair or pervert the functioning of a governmental agency. In other words, a misrepresentation is material if it relates to an important fact as distinguished from some unimportant or trivial detail.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 10

### On Or About - - Knowingly - - Willfully[10]

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

---

[10] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 9.1.

## UNITED STATES' REQUESTED JURY INSTRUCTION

## No. 11

**Caution - - Punishment**

**(Single Defendant - - Single Count)**[11]

  I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offense alleged in the indictment.

  Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

---

[11] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 10.1.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 12

### Duty To Deliberate[12]

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[12] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 11.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 13

**Verdict**[13]

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

---

[13] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 12.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-193-MEF |
| | ) | |
| LAURASENA GARLAND | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christine Freeman.

                                                          Respectfully submitted,
                                                          LEURA G. CANARY
                                                          UNITED STATES ATTORNEY

                                                          /s/ Jerusha T. Adams
                                                          JERUSHA T. ADAMS
                                                          Assistant United States Attorney
                                                          Post Office Box 197
                                                          Montgomery, Alabama 36101-0197
                                                          334-223-7280 phone    334-223-7135 fax
                                                          jerusha.adams@usdoj.gov